UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JAMES T. HIGDON )
 )
    Plaintiff, )
 ) No. 3:13-CV-586
v. ) (REEVES/SHIRLEY)
 )
STATE OF TENNESSEE, )
*Et al.*, )
    Defendants. )

# MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's *pro se* Motion for Order [Doc. 114], filed on February 25, 2014. In his motion, Plaintiff requests that the Court appoint him "a law clerk, mediator, or in the alternate a standby attorney at the court[']s expense." Plaintiff appears to contend that his request is in the interest of "fairness" and cites to Local Rules 9.4 and 16.4 and the Fourteenth and Sixteenth Amendments of the United States Constitution for support.

Of the 27 named Defendants in this case, Defendant Kamille Bond filed a response [Doc. 115] opposing the motion on the grounds that it does not allege or prove that Plaintiff is indigent, that he is unable to represent himself, or that he cannot afford to retain counsel. In addition, Defendant Bond points out that Local 9.4 is inapplicable in this case as it deals with death penalty cases, and application of Local Rule 16.4, which deals with mediation, is premature given the motions for dismissal that are currently pending in this case.

The Plaintiff filed a reply [Doc. 116] which appears to contend, to the best of the Court's understanding of the Plaintiff's pleading, that the Defendants in this case have representation of counsel paid for by tax dollars and that fairness and judicial economy support his request.

The Court of Appeals for the Sixth Circuit has held that "[a]ppointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." Lavado v. Keohane, 992 F.2d 601, 605-06 (6th Cir. 1993) (quoting Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)) (internal citations omitted). Whether "exceptional circumstances" exists, courts are instructed to look at the type of case at issue, the plaintiff's ability to represent him or herself, and the complexity of the factual and legal issues involved. Id. at 606 (citations omitted). Ultimately, appointment of counsel in a civil case is within the discretion of the court. Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir. 1987) (citation omitted).

In the present matter, after considering the nature of this action, Plaintiff's ability to prosecute his case, and the complexity of the facts and legal issues presented, the Court finds that Plaintiff has not demonstrated any exceptional circumstances justifying the appointment of counsel.

Moreover, the authority cited by Plaintiff in support of appointment of a law clerk is misplaced. Local Rule 9.4 applies to death penalty cases arising under 28 U.S.C. § 2254 or cases otherwise challenging a state court's imposition of a sentence of death, issues that are not presented here. In regard to Local Rule 16.4, the Court agrees with Defendant Bond that at this juncture of the case, ordering the parties to mediation is premature as there are eight motions to dismiss presently pending before the District Court. [See Docs. 4, 17, 24, 26, 29, 32, 34, 36]. In

addition, the Court can safely assume that the discovery in this case is nonexistent or minimal at best, and therefore an order of mediation would be inappropriate at this stage of the litigation.

Accordingly, the Plaintiff's Motion for Order [**Doc. 114**] is not well-taken and the same is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge