UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES T. HIGDON ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:13-CV-586 |
| v. ) | (REEVES/SHIRLEY) |
| ) | |
| STATE OF TENNESSEE, e*t al.* ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Miscellaneous Motion of Subpoenas [Doc. 122], filed on May 9, 2014. In his motion, the Plaintiff requests that the Court order the following people to appear for the May 21, 2014 motion hearing before the undersigned:[1] Jack Cannon, Mayor of Jacksboro, Tennessee, Phillip W. Vandergriff, Defendant Harry Burden, Defendant Robbie Goins, Sheriff of Campbell County, Tennessee, Reid A. Spaulding, attorney for Defendant Town of Jacksboro, and Robert E. Cooper, Jr., Attorney General and Reporter for Tennessee. The Plaintiff requests their presence so that they may provide testimony on the Plaintiff's behalf "concerning matters already presented before this court."

The State of Tennessee filed a response [Doc. 124] arguing that a subpoena requiring

---

[1] On April 17, 2014, the Court entered an Order [Doc. 119] setting a motion hearing on May 21, 2014, to address the following motions: Plaintiff's Motion for Transparency and Disclosure [Doc. 22], Plaintiff's Motion and Amended Motion for Subpoena on Robbie Goins [Docs. 43, 76], Plaintiff's Motion for Subpoena on Kamille Bond, Duces Tecum [Doc. 44], Plaintiff's Motion for Subpoena on Robert E. Cooper [Doc. 45], Plaintiff's Motion for Subpoena on Town of Jacksboro, Duces Tecum [Doc. 81], Defendant Kamille Bond's Motion to Quash Subpoena [Doc. 83], Defendant City of Jacksboro's Motion to Strike Proof of Service of Joel Clark in His Individual Capacity [Doc. 90], and Plaintiff's Motion for an Order to Clarify and Make Transparency Doc #94 [Doc. 95].

General Cooper's appearance would create an undue burden because his testimony is not necessary in order for the Court to rule on the motions scheduled to be heard before the undersigned on May 21. Attorney Spaulding also filed a response [Doc. 125] on his behalf as well as Mayor Cannon. The response characterizes the Plaintiff's motion as a "harassment tactic" and further states that discovery at this stage of the proceedings is improper because a scheduling order has not been entered. In addition, Attorney Spaulding argues that any testimony he or Mayor Cannon could provide would be unnecessary and irrelevant in aiding the Court during the May 21 motion hearing. Finally, Sheriff Goins filed a response [Doc. 127] asserting that the Plaintiff's motion seeks to obtain discovery which is improper at this point of the case because a discovery conference has not been held nor has a scheduling order been entered as the parties are currently waiting for the District Court to rule on several dispositive motions.

The Court finds the Plaintiff has provided an insufficient basis to support the instant motion. The purpose of the May 21 motion hearing is for the Court to hear argument from the Plaintiff and defense attorneys regarding the relief requested in the various motions scheduled to be heard by the Court. If the Court determines that evidence and/or testimony is necessary in order for it to make a ruling or determination on any of the motions, the Court will reset the hearing so it may hear the necessary testimony or review the appropriate evidence. Accordingly, the Plaintiff's Miscellaneous Motion of Subpoenas [**Doc. 122**] is not-well taken and is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge