UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JAMES T. HIGDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:13-CV-586 |
| v. | ) | (REEVES/SHIRLEY) |
| | ) | |
| STATE OF TENNESSEE, e*t al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are the following motions: Plaintiff's Motion for Transparency and Disclosure [Doc. 22], filed November 1, 2013; Plaintiff's Motion for Subpoena on Robbie Goins [Doc. 43], filed December 2, 2013; Plaintiff's Motion for Subpoena on Kamille Bond, Duces Tecum [Doc. 44], filed December 2, 2013; Plaintiff's Motion for Subpoena on Robert E. Cooper [Doc. 45], filed December 2, 2013; Plaintiff's Motion to Amend and Add Supplement to Motion for Subpoena on Robbie Goins [Doc. 76], filed December 6, 2013; Plaintiff's Motion for Subpoena on Town of Jacksboro, Duces Tecum [Doc. 81], filed December 10, 2013; Defendant Kamille Bond's Motion to Quash Subpoena [Doc. 83], filed December 3, 2013; Defendant City of Jacksboro's Motion to Strike Proof of Service of Joel Clark in His Individual Capacity [Doc. 90], filed December 20, 2013; Plaintiff's Motion for an Order to Clarify and Make Transparency Doc #94 [Doc. 95], filed December 23, 2013;and Plaintiff's Miscellaneous Motion [Doc. 120], filed May 6, 2014. The parties appeared before the Court for a motion hearing on May 21, 2014.

Plaintiff James T. Higdon proceeded *pro se*. Attorney Joseph P. Ahillen appeared on behalf of Defendant State of Tennessee, Attorney Rhonda L. Bradshaw appeared on behalf of Defendant Robbie Goins, Attorney Reid Spaulding appeared on behalf of Defendants City of LaFollette, Tennessee, Town of Jacksboro, Tennessee, and Joel Clark (in his official capacity), Attorney Russell W. Adkins appeared on behalf of Defendant Kamille Bond, and J. Thomas Jones appeared on behalf of Defendants Michael G. Hatmaker and the Law Firm of Hall & Hatmaker.

During the May 21 hearing, the Court first addressed the Plaintiff's various motions for subpoenas, including Plaintiff's motions for subpoena on Robbie Goins [Docs. 43, 76], Kamille Bond [Doc. 44], Robert E. Cooper [Doc. 45], and the Town of Jacksboro [Doc. 81]. The Plaintiff explained that each of these motions were filed in an effort to obtain testimony from the above individuals regarding specific documents and other information. While each of the above named parties filed individual responses objecting to the requested subpoenas [see Docs. 83, 88, 89, 121], their responses can be summarized as objecting on the basis that the Plaintiff is inappropriately attempting to engage in discovery prior to the parties holding a Rule 26(f) discovery conference and prior to a scheduling order being entered by the District Court.

Federal Rule of Civil Procedure 26(f) requires that the parties conduct a discovery conference prior to commencing discovery. Rule 26(d) prohibits a party from seeking discovery from another party before the parties have conducted a Rule 26(f) conference. In the present matter, the Court finds that the testimony and evidence which the Plaintiff seeks is within the scope of Rule 26 and, thus, the information is more properly discoverable once the discovery process has begun. Under the present circumstances, the Court finds that the Plaintiff's motions for subpoenas are premature. Accordingly, the Plaintiff's motions for subpoena on Robbie Goins [**Docs. 43, 76**], Kamille Bond [**Doc. 44**], Robert E. Cooper [**Doc. 45**], and the Town of

Jacksboro [**Doc. 81**] are **DENIED**. Based on the Court's ruling, the Court finds that Defendant Kamille Bond has essentially received the relief sought in her Motion to Quash Subpoena [**Doc. 83**], and therefore, that motion is **DENIED as moot**.

The Plaintiff's Motion for Transparency and Disclosure [Doc. 22] was subsequently addressed by the Court. The Plaintiff stated that the motion does not seek any relief but was intended to serve as a notice to the parties about a possible "irresolvable conflict." Because no relief is being sought, the Plaintiff's Motion for Transparency and Disclosure [**Doc. 22**] is **DENIED**.

Next, the Court addressed the Plaintiff's Motion for an Order to Clarify and Make Transparency Doc #94 [Doc. 95]. In his motion, the Plaintiff moves for a more definitive statement pursuant to Federal Rule of Civil Procedure 12(e) regarding a limited sur response filed by Attorney Spaulding [see Doc. 94]. In the limited sur response, Attorney Spaulding attempted to explain that one of his clients in this case–Defendant Shannon D. Marlow, an ex-employee with the Town of Jacksboro–is not the same Shannon Marlow that has apparently been served by the Plaintiff. After hearing the parties arguments, it appears to the Court that the Plaintiff has concerns over the identity and whereabouts of Defendant Marlow and whether Attorney Spaulding's representation, *i.e.*, that the Plaintiff has mistakenly served a different individual also named Shannon Marlow, is true and accurate. While the Plaintiff proposed that Attorney Spaulding take the witness stand during the hearing to provide testimony on the issue, the Court finds that the issue is one that is more properly addressed by way of deposition once the discovery process has begun. Therefore, the Plaintiff's Motion for an Order to Clarify and Make Transparency Doc #94 [**Doc. 95**] is **DENIED**.

The Court next turned to the City of Lafollette's Motion to Strike Proof of Service of Joel Clark in his Individual Capacity [Doc. 90]. The motion states that the Plaintiff's attempted service of Defendant Clark in both his individual and official capacity by serving Attorney Spaulding was improper and ineffective because Attorney Spaulding only represents Defendant Clark in his official capacity. During the hearing, the Plaintiff conceded that he had attempted to personally serve Defendant Clark by mail, but that service had been ineffective because the summons was returned as undeliverable.

Federal Rule of Civil Procedure 4(e)(2) provides several ways to serve an individual, including delivering the summons and complaint personally or by an authorized agent or by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode. The Court finds that the Plaintiff has not satisfied any of the methods for service and that the Plaintiff has conceded as much. Therefore, the Motion to Strike Proof of Service of Joel Clark in his Individual Capacity [**Doc. 90**] is **GRANTED**, and the Court **STRIKES** any filings from the record that would indicate that Defendant Clark has been served in his individual capacity.

Lastly, the Court briefly addressed the Plaintiff's Miscellaneous Motion [Doc. 120], in which the Plaintiff requests that the Court hear the parties' motions during the May 21 hearing in the same sequence said motions were noted in the Court's Order [Doc. 119] setting the May 21 hearing. The Court finds no merit in the Plaintiff's request. Furthermore, it is within the Court's discretion to decide the order and manner in which the Court will conduct its hearings. Therefore, the Plaintiff's Miscellaneous Motion [**Doc. 120**] is **DENIED**.

Accordingly, it is **ORDERED**:

(1) Plaintiff's Motion for Transparency and Disclosure [**Doc. 22**] is **DENIED**;

(2) Plaintiff's Motion for Subpoena on Robbie Goins [**Doc. 43**], is **DENIED**;

(3) Plaintiff's Motion for Subpoena on Kamille Bond, Duces Tecum [**Doc. 44**] is **DENIED**;

(4) Plaintiff's Motion for Subpoena on Robert E. Cooper [**Doc. 45**] is **DENIED**;

(5) Plaintiff's Motion to Amend and Add Supplement to Motion for Subpoena on Robbie Goins [**Doc. 76**] is **DENIED**;

(6) Plaintiff's Motion for Subpoena on Town of Jacksboro, Duces Tecum [**Doc. 81**] is **DENIED**;

(7) Defendant Kamille Bond's Motion to Quash Subpoena [**Doc. 83**] is **DENIED as moot**;

(8) Defendant City of Lafollette's Motion to Strike Proof of Service of Joel Clark in His Individual Capacity [**Doc. 90**] is **GRANTED**;

(9) Plaintiff's Motion for an Order to Clarify and Make Transparency Doc #94 [**Doc. 95**] is **DENIED**; and

(10) Plaintiff's Miscellaneous Motion [**Doc. 120**] is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge