UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESEE
AT KNOXVILLE

| | |
|---|---|
| JAMES T. HIGDON, | ) |
| *Plaintiff*, | ) |
| v. | ) Case No.: 3:13-CV-586-PLR-CCS |
| STATE OF TENNESSEE, et al., | ) |
| *Defendants*. | ) |

## MEMORANDUM OPINION

On August 12, 2014 the Court filed a memorandum opinion granting the numerous defendants' motions to dismiss and dismissing the pro se plaintiff's complaint in its entirety. [R. 136, 137]. The plaintiff has since filed three motions "to amend order" and one motion for a hearing. [R. 138, 144, 147, and 152]. The Court is required to liberally construe pro se pleadings in the plaintiff's favor. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). However, "this lenient treatment has limits . . . [and] courts should not have to guess at the nature of the claim asserted." *Carolyn Lee Ali v. University of Michigan Health System-Risk Mgmt.*, 2012 WL 3110716, at *2 (E.D. Mich. July 31, 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

The plaintiff's motions do not specify the statutory basis for reconsideration, but the Court assumes it to be under Rule 59(e). In this Circuit, a court may reconsider or alter a judgment under Rule 59(e) to correct a clear legal error, based on newly discovered evidence, when there is an intervening change in the controlling law, or to prevent manifest injustice. *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2012). A motion under Rule 59 is not

1

"intended as a vehicle to re-litigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and [is] not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *See Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus. Inc.*, 86 F.Supp.2d 721, 726 (E.D.Mich. 2000). A showing of manifest injustice requires there be a fundamental flaw in the Court's decision that would lead to an inequitable result that is not in line with public policy absent correction. *See United States v. Jarnigan*, 2008 WL 5248172, at *2 (E.D. Tenn. Dec. 17, 2008) (citing *McDaniel v. Am. Gen. Fin. Servs., Inc.*, 2007 WL 2084277, at *2 (W.D. Tenn. July 17, 2007)).

The plaintiff has simply not set forth any justification that would entitle him to relief under Rule 59. Even liberally construing the plaintiff's motions in his favor, they appear to be nothing more than attempts to re-litigate his case that do not provide any information that would change the Court's original decision. Accordingly, the plaintiff's motions to amend and his motion for a hearing, [R. 138, 144, 147 and 152], are **Denied**.

**It is so ORDERED**.

_____
**UNITED STATES DISTRICT JUDGE**